IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                                                    No. CR 08-2469 JB

VICTOR MANUEL AYON-LIZARRAGA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed January 27, 2009 (Doc. 27)("SM"). The Court held a sentencing hearing on February 9, 2009. The primary issue is whether the Court should sentence Defendant Victor Manuel Ayon-Lizarraga to a sentence at the low end of the advisory Guideline range, which is a sentence of 15 months. Because Ayon-Lizarraga had pled guilty pursuant to a fast-track program, and because there is no compelling reason not to sentence him at the low end of the advisory Guideline range, the Court will accept the rule 11(c)(1)(C) plea agreement and sentence him to 15 months imprisonment.

## FACTUAL AND PROCEDURAL BACKGROUND

According to Ayon-Lizarraga, he first entered the United States in 1979, living with his family in Idaho until 1988, and then living in Sacramento, California for the next twenty years, until 2008. See SM at 3. He has some criminal and immigration history. On August 12, 1989, he was convicted of delivery of a controlled substance in Ada, Idaho, receiving a 130-day jail sentence. See id. at 2; Presentence Investigation Report ¶ 24, at 5 (disclosed December 11, 2008)("PSR"). On March 1, 1992, he was arrested in Imperial, California for transporting illegal aliens, but there is no further disposition information on that charge. See SM at 2; PSR ¶ 25, at 5. He has been

previously deported, on January 16, 2001, and again on June 19, 2008.  See SM at 2; PSR ¶ 26-27, at 6.  Ayon-Lizarraga is married, with three small children.  See SM at 2-3.  At the time he submitted his sentencing memorandum, his wife was also five-months pregnant.  See id. at 3.  According to Ayon-Lizarraga, his family is currently living in Mexico in difficult economic circumstances that will continue until Ayon-Lizarraga is released to work and support them.  See id.

On October 24, 2008, the United States charged Ayon-Lizarraga with unlawful reentry in violation of 8 U.S.C. § 1326(a) and (b).  See Information (Doc. 9).  That same day, Ayon-Lizarraga pled guilty to the Information, pursuant to a rule 11(c)(1)(C) plea agreement.  See Fast-Track Plea Agreement at 3, filed October 24, 2008 (Doc. 12).  Under this agreement, the parties agreed that, if Ayon-Lizarraga's most serious prior conviction was a drug-trafficking crime for which the sentence imposed was less than thirteen months, then his adjusted offense level would be 14 with a downward departure under the United States Attorney's Fast-Track Program.  See id. ¶ 5e, at 3-4.  In return for a departure, Ayon-Lizarraga agreed "not to seek any further reduction, departure, deviation, or variance in the Final Adjusted Offense Level or the Criminal History Category, through motion or by argument at sentencing pursuant to 18 U.S.C. §§ 553 (1-7), United States v. Booker, 543 U.S. 220 (2005), or otherwise."  Fast-Track Plea Agreement ¶ 5g, at 4.

On December 11, 2008, the United States Probation Office disclosed the PSR for Ayon-Lizarraga.  Starting with a base offense level of 8, the PSR adds 12 levels for Ayon-Lizarraga's Idaho conviction and subtracts 3 levels for acceptance of responsibility, resulting in an offense level of 17.  See PSR at 4.  The PSR calculates the offense level pursuant to the plea agreement as being 14.  See id.  Ayon-Lizarraga filed a sentencing memorandum acknowledging that, under his plea agreement, his offense level should be 14, which, with a criminal history category of I, produces a guideline range of 15 to 21 months.  See SM at 2.  The United States responded, pointing out that

Ayon-Lizarraga had agreed not to argue for any reduction beyond those contained in the plea agreement, but taking the position that Ayon-Lizarraga's memorandum demonstrates why a sentence at the low end of the guideline range is appropriate. See United States' Response to Defendant's Sentencing Memorandum Filed January 27, 2009 (Doc. 27) ¶ 2, at 1-2, filed January 28, 2009 (Doc. 28). The United States requested a sentence of 15 months. See id. ¶ 3, at 2. At the sentencing hearing, Ayon-Lizarraga stated that he and his wife were both very sick and that his family needed him. See Transcript of Hearing at 9:5-10:24 (Ayon-Lizarraga)(taken February 9, 2009).[1] He promised not to return to the United States again and stated that he accepted his guilt for having illegally reentered the country. See id. at 9:24-10:2.

## ANALYSIS

The United States and Ayon-Lizarraga have entered into a rule 11(c)(1)(C) plea agreement pursuant to the United States Attorney's Fast-Track Program. The Court interprets Ayon-Lizarraga's sentencing memorandum as providing justification for a sentence at the bottom of the Guideline range after a downward departure for the fast-track program, and not as seeking a departure or variance not contemplated in the plea agreement. Because the Court believes that the 15-month sentence the parties request is an appropriate sentence in this case, the Court will accept the plea agreement and sentence Ayon-Lizarraga to 15 months incarceration.

As part of his plea agreement with the United States, Ayon-Lizarraga promised "not to seek any further reduction, departure, deviation, or variance" from his offense level other than those adjustments stated in the plea agreement. Fast-Track Plea Agreement ¶ 5g, at 4. The United States does not interpret Ayon-Lizarraga's sentencing memorandum as a breach of the plea agreement.

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain different page and/or line numbers.

Neither does the Court. Ayon-Lizarraga's memorandum acknowledges the restrictions in the agreement and states that, pursuant to the stipulation in the plea agreement, the Guidelines range would be 15 to 21 months. See SM at 2. Ayon-Lizarraga's memorandum is consistent with the plea agreement.

With a downward departure pursuant to the United States Attorney's Fast-Track Program, Ayon-Lizarraga's final offense level if 14. Combined with his criminal history category of I, this offense level yields a sentencing range of 15 to 21 months. Both the United States and Ayon-Lizarraga ask that the Court impose a sentence of 15 months. Ayon-Lizarraga's lone criminal conviction is two decades old at this point. He has two past deportations as well, but taken as a whole, the Court does not see anything in Ayon-Lizarraga's background or the other circumstances of this case that take this case out of the heartland of unlawful reentry cases. He has accepted responsibility for illegally reentering the United States and his illness may make it less likely that he will attempt to reenter the United States again. There are no compelling reasons for the Court to impose a sentence either below or above the applicable Guidelines range. A sentence of 15 months appropriately balances the factors laid out in 18 U.S.C. § 3553(a). The Court will therefore accept the parties' plea agreement and sentence Ayon-Lizarraga to 15 months incarceration.

**IT IS ORDERED** that the request in the Defendant's Sentencing Memorandum for a sentence of 15 months is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Norman Cairns
Paige Messec
Holland S. Kastrin
  Assistant Untied States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Kenneth A. Gleria
Albuquerque, New Mexico

    *Attorney for the Defendant*